R. Craig Clark (SBN 129219)
cclark@celg.org
Alicja A. Urtnowski (SBN 321215)
aurtnowski@celg.org
**CONSUMER AND EMPLOYMENT LAWYERS**
3258 Fourth Avenue
San Diego, CA 92103
Telephone: (619) 239-1321
Fax: (888) 273-4554
*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADE BOGREN, MICHELLE BOGREN, and JEREMIAH TILLS, individuals, on behalf of themselves, and all persons similarly situated, | Case No: **'24 CV 1635 BAS JLB** |
| | **CLASS ACTION** |
| | **COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF:** |
| Plaintiffs, | **1.UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq.);** |
| v. | **2.DECEPTIVE AND MISLEADING ADVERTISING (Cal. Bus. & Prof. Code § 17500 et seq.);** |
| THE HERSHEY SALTY SNACK SALES COMPANY, a Delaware Corporation, THE HERSHEY COMPANY, a Delaware Corporation, SKINNYPOP POPCORN, LLC., a Delaware Limited Liability Company, and DOES 1 to 20 inclusive, | **3.CONSUMER LEGAL REMEDIES ACT (Cal. Civ. Code § 1750 et seq.);** |
| | **4. BREACH OF EXPRESS WARRANTY [Cal. Com. Code § 2313(1)]** |
| Defendants. | **5. BREACH OF IMPLIED WARRANTIES (Cal. Com. Code § 2314);** |

**6. INTENTIONAL MISREPRESENTATION**
**7. NEGLIGENT MISREPRESENTATION; AND**
**8. UNJUST ENRICHMENT.**

**DEMAND FOR JURY TRIAL**

Plaintiffs Cade Bogren, Michelle Bogren, and Jeremiah Tills ("Plaintiffs"), by and through their attorneys of record, bring this action on behalf of themselves, and all persons similarly situated against The Hershey Salty Snack Sales Company, The Hershey Company, SkinnyPop Popcorn, LLC, and DOES 1 to 20 ("Defendants" or "SkinnyPop"), on the following grounds:

## INTRODUCTION

1.      This Class Action is brought on behalf of all consumers who purchased Defendants' SkinnyPop Popcorn products (hereinafter "SkinnyPop Popcorn") from a retailer within the state of California for personal, family, or household purposes, and not for resale purposes.

2.      Plaintiffs seek damages, restitution, and injunctive relief, as well as reasonable attorneys' fees and litigation costs, as provided under California law.

3.      All allegations in this Complaint are based upon information and belief except for those allegations that pertain to Plaintiffs, which are based on their own personal knowledge. Each allegation in this Complaint has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

4.      Pursuant to California Code of Civil Procedure ("Cal. Code Civ. Proc.") § 382, California Civil Code ("Cal. Civ. Code") § 1781, and California

Business and Professions Code ("Cal. Bus. & Prof. Code") § 17203, Plaintiffs bring this action on behalf of themselves, and on behalf of all persons within the Class, defined below.

5.    This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d).

6.    Venue as to Defendants is proper in this jurisdictional district, pursuant to 28 U.S.C. § 1391. Defendants transact business through a number of retail locations throughout the county of San Diego and the state of California. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the county of San Diego and the state of California.

## THE PARTIES

### I. PLAINTIFFS

7.    Plaintiffs Cade and Michelle Bogren at all material times mentioned herein:

a. Are a married couple who resided in, and continue to reside in, the County of San Diego;

b. Purchased multiple bags in various sizes and flavors of Skinny Pop Popcorn from several San Diego County area retail stores during the relevant time-period, including but not limited to multiple 4.4 oz bags for $3.99 and $4.99 of SkinnyPop Popcorn that were purchased from Sprouts and Vons in San Diego, California from January 2021 to July 2022 for household consumption;

c. Purchased multiple flavors of SkinnyPop Popcorn including Original, Butter, and White Cheddar;

d. Were informed and believed based on advertising and their consumer experience that bags of SkinnyPop Popcorn contained the amount of popcorn as advertised by what was printed on the packaging ;

CLASS ACTION COMPLAINT

e.  Were deceived by the labels on the SkinnyPop Popcorn bags because the deceptive labels stated, on each bag - depending on the flavor, contained, per the label,  4.4 to 6.7 OZ of popcorn and a total volume of popcorn in each bag of approximately 13 to 24.38 cups of popcorn, depending on flavor. The volume of popcorn was written on the bags under the caption, NUTRITION FACTS, in number and size of servings. For example, "about 4.5 servings per container **Serving size 3 1/4 cup (28 g)"** or "about 4.4 servings per container **Serving size: About 3 1/2 cups (28 g)**."

f.  Were deceived regarding the volume and amount of servings of popcorn by labels on the SkinnyPop Popcorn bags which stated, for example, it contained 5.3 oz of popcorn and a volume total of 12.5 cups of popcorn;

g.  Were deceived by labels on the SkinnyPop Popcorn bags which stated it contained 6.7 oz of popcorn and a total of 24.38 cups of popcorn;

h.  Were deceived by the volume, amount and/or serving size information on the labels of the SkinnyPop Popcorn bags, which represent to the consumer how much product to expect;

i.  Were deceived by the size and fill of the nontransparent bag of SkinnyPop Popcorn, which they believed had the volume - amount and/or serving size - as labeled;

j.  Relied upon the advertisement and information on the label of SkinnyPop Popcorn, including the serving size and volume information on the label, among other things, when making their decision to buy SkinnyPop Popcorn;

CLASS ACTION COMPLAINT

k.  Believed that they were purchasing bags of SkinnyPop Popcorn that had the volume, amount and/or serving size of popcorn as displayed on the label;

l.  Received a product that did not conform to the consumer experience and/or industry standard as the bags did not contain the serving size, volume and/or amount of popcorn as stated in its labels but contained significantly less;

m.  Were harmed because they received less popcorn than they had bargained for;

n.  Suffered economic injury by purchasing SkinnyPop Popcorn, a product they would not have purchased but for the misrepresentations related to the label and fill of the bags; and

o.  Are members of the putative Class described herein.

8.  Plaintiff Jeremiah Tills at all material times mentioned herein:

a.  Resided in, and continues to reside in, the county of San Diego;

b.  Purchased multiple bags in different sizes and flavors of SkinnyPop Popcorn from several San Diego County area retail stores during the relevant time-period, including but not limited to 4.4 oz., 5.3 oz, and 6.7 oz bags that were purchased from CVS, Target and Ralphs in San Diego, California in about January 2021 to July 2022 for household consumption;

c.  Purchased multiple flavors of SkinnyPop Popcorn including Original, Twist of Lime, White Cheddar, and Kettle Corn;

d.  Was informed and believed based on advertising and his consumer experience that bags of SkinnyPop Popcorn contained the amount of popcorn as advertised;

e.    Was deceived regarding the volume of popcorn and amount of servings in the bags on the labels on the SkinnyPop Popcorn bags which stated it contained 4.4 oz of popcorn or and a total of approximately 13 to 16 cups of popcorn, depending on flavor;

f.    Was deceived about the volume of popcorn and amount of servings in the bags on labels on the SkinnyPop Popcorn bags which stated it contained 5.3 oz of popcorn and a total volume of 12.5 cups of popcorn;

g.    Was deceived regarding the volume of popcorn and amount of servings on labels on the SkinnyPop Popcorn bags which stated it contained 6.7 oz of popcorn and a total of 24.38 cups of popcorn;

h.    Was deceived by the volume, amount and/or serving size information on the labels of the SkinnyPop Popcorn bags, which represents to the consumer how much product to anticipate;

i.    Was deceived, by the size and fill of SkinnyPop's nontransparent bag, which he believed had the amount and/or serving size as labeled;

j.    Relied upon the advertisement and information on the label of SkinnyPop Popcorn, including the serving size, amount and/or volume information on the label, among other things when making his decision to buy SkinnyPop Popcorn.

k.    Believed that he was purchasing bags of SkinnyPop Popcorn that had the volume, amount and/or serving size of popcorn as displayed on the label;

l.    Received a product that did not conform to his consumer experience and/or industry standard as the bags did not contain the same

serving size, volume, and/or amount of popcorn as stated in its labels;

m.    Was damaged because he received less popcorn than he had bargained for;

n.    Suffered economic injury by purchasing SkinnyPop Popcorn, a product he would not have purchased but for the misrepresentations related to the label, and fill of the bags; and

o.    Is a member of the putative Class described herein.

9.    Plaintiffs are "consumers" and "members of the public," as the terms are used in California's Business and Professions Code and Civil Code.

## II. DEFENDANTS

10.    Defendant The Hershey Salty Snack Sales Company, formerly known as Amplify Snack Brands, LLC, is a Delaware corporation that is headquartered in Hershey, Pennsylvania. It is the Plaintiffs' understanding that The Hershey Salty Snack Sales Company operates as a subsidiary of The Hersey Company. It is the Plaintiffs' understanding that The Hershey Salty Snack Sales Company formerly operated in California under the name "Amplify Snack Brands, LLC" until approximately 2023. The Hershey Salty Snack Sales Company is engaged in the business of manufacturing and/or distributing snack products, including SkinnyPop Popcorn, which is distributed and available in various sizes including 4.4 oz, 5.3 oz, and 6.7 oz at a variety of retail stores throughout the county of San Diego and the state of California.

11.    Defendant The Hershey Company is a Delaware corporation that is headquartered in Hershey, Pennsylvania. It is the Plaintiffs' understanding that The Hershey Company owns and operates The Hershey Salty Snack Sales Company. The Hershey Company is in the business of manufacturing and selling

snack foods, including SkinnyPop Popcorn through The Hershey Salty Snack Sales Company.

12.    Based on Plaintiffs' understanding, Defendant SkinnyPop Popcorn, LLC, is a Delaware limited liability company in connection with The Hershey Salty Snack Sales Company; and is engaged in business with The Hershey Company, through the production and/or distribution of SkinnyPop Popcorn. It is Plaintiffs' understanding that SkinnyPop Popcorn, LLC is headquartered in Chicago, Illinois.

13.     The true names and capabilities, whether individual, corporate, subsidiary, partnership, associate or otherwise of Defendant Does 1 through 20, are unknown to Plaintiffs who therefore sues these defendants by such fictitious names pursuant to Cal. Code Civ Proc. 474. Plaintiffs will amend their complaint to allege the true names and capacities of Does 1 through 20 when they are ascertained.

14.    At all times mentioned herein, the acts alleged to have been done by Defendants are also alleged to have been done by the unascertained Defendants mentioned above and by each of their agents and employees who have acted within the scope of their agency and/or employment.

15.    At all times mentioned herein, each defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the other defendants, and in doing the things alleges herein acted within the course and scope of such agency, employment, alter ego and/or in furtherance of the joint venture.

16.    At all times mentioned herein, the acts and omissions of each of the Defendants concurrently contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the wrongful conduct, harm, and damages alleged herein. Each defendant approved of,

condoned, and/or otherwise ratified each of the acts or omissions complained herein. Each defendant and all Doe defendants were and are acting with the authority of each and every other defendant and are acting as agents of each and every other defendant or Doe defendant.

## FACTUAL ALLEGATIONS

17.     Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, all paragraphs of this Complaint.

18.     Plaintiffs allege that Defendants violated California Law and Federal Law by misleading consumers, through the advertisement, label, volume and fill of SkinnyPop Popcorn bags. Plaintiffs believed they purchased SkinnyPop popcorn containing the amount, volume and/or serving of popcorn stated on its labels, when in fact, upon Plaintiffs' experience, SkinnyPop Popcorn bags contain up to approximately 43% less than what is promised.

19.     Because the name of the brand "Skinny Pop" as well as the other information contained on the bag as herein described, Plaintiffs believed they could consume the portion sizes described on the bag and in the number of servings described in the bags which would contain the number of calories per serving using that information. If the calories information in the bags is accurate per the weight on the bags then the servings size on the bags have more calories per serving than is represented.

20.     Plaintiffs allege that Defendants misrepresent their SkinnyPop Popcorn bags to contain a certain amount of popcorn per bag. However, there is less popcorn than what Defendants promise, short-selling the consumer.

21.     For example, the 4.4 oz bags of SkinnyPop Popcorn claim to contain different volume/serving amount depending on a flavor, including:

      a.     4.4 servings of 3.75 cups, for a total of 16.5 cups in the Original flavor. However, every bag checked of the Original flavor 4.4 oz

bags contained not the 16.5 cups promised but only approximately 9.5 to 11.5 cups of popcorn.

b.  4.4 servings of 3.5 cups, for a total of 15.4 cups in the White Cheddar flavor. However, every bag checked of the White Cheddar 4.4 oz bags contained only approximately 11 cups of popcorn.

c.  4.5 servings of 3.75 cups, for a total of 16.88 cups in the Salt and Pepper flavor.

d.  4.4 servings of 3 cups for a total of 13.2 cups in the Twist of Lime flavor.

e.  4.5 servings of 3 cups for a total of 13.5 cups in the Aged White cheddar flavor.

f.  4.5 servings of 3.25 cups, for a total of 14.63 cups in the Butter flavor. However, every bag checked of the Butter 4.4 oz bags contained only approximately between 10.5 and12.5 cups;

22.    The 5.3 oz Kettle Corn bags claim to contain 5 servings of 2.5 cups, for a total of 12.5 cups of popcorn.

23.    The 6.7 oz bags of SkinnyPop Original Popcorn claim to contain 6.5 servings of 3.75 cups, for a total of 24.38 cups of popcorn.

24.    However, Plaintiffs allege that, Defendants regularly underfill the described volume on the SkinnyPop Popcorn bags, for  example;

a.  Every bag checked of the Original flavor 4.4 oz bags contained not the 16.5 cups promised but only approximately 9.5 to 11.5 cups of popcorn;

b.  Every bag checked of the Butter 4.4 oz bags contained only approximately between 10.5 and12.5 cups;

c.   Every bag checked of the Kettle Corn flavor 5.3 oz bags contain only approximately 9.5 cups of popcorn;

d.   Every bag checked of the Original Flavor 6.7 oz bags contain only approximately 17.5 cups of popcorn;

e.   Every bag checked of the Lime flavor 4.4 oz bags contain only approximately 11.25 cups; and

f.   Every bag checked of the White Cheddar 4.4 oz bags contain only approximately 11 cups of popcorn.

25.   Throughout Plaintiffs' investigation, Plaintiffs measured multiple SkinnyPop Popcorn bags, comparing the actual product volume to the advertised serving amount/volume on the label. As an example, a chart with results is below:

| Bag size and flavor | Total Serving Amount/Volume As Advertised on Label | Actual Serving Amount/Volume Measured | % Difference |
|---|---|---|---|
| 4.4 oz original | 16.5 cups | 9.5 cups | 43% less |
| 4.4 oz original | 16.5 cups | 11.5 cups | 31% less |
| 4.4 oz original | 16.5 cups | 10.5 cups | 37% less |
| 4.4 oz butter | 14.63 cups | 12.5 cups | 15% less |
| 4.4 oz white cheddar | 15.4 cups | 11 cups | 29% less |
| 4.4 oz white cheddar | 15.4 cups | 11 cups | 29% less |
| 4.4 oz lime | 13.2 cups | 11.25 cups | 15% less |
| 5.3 oz kettle corn | 12.5 cups | 9.5 cups | 24% less |
| 6.7 oz original | 24.38 cups | 17.5 cups | 29% less |

| 4.4 oz Butter | 14.63 cups | 10.5 cups | 29% less |
| 4.4 oz original | 16.5 cups | 10.75 cups | 35% less |

26.    Plaintiffs thus allege Defendants are giving its consumers up to approximately 43% less than what is labeled and promised. Plaintiffs also thus allege that almost every size bag provides significantly less popcorn than is promised.

27.    Additionally, Plaintiffs allege that Defendants mislabel the nutrition facts on SkinnyPop Popcorn nutrition labels. If the total calorie count represented on SkinnyPop Popcorn bags is correct, then there are significantly more calories per serving of SkinnyPop popcorn than advertised. Thus the "Skinny Pop" name and the amount of calories in each serving is false and misleading as customers are consuming more calories per volume serving than they expect based on the labels.

28.    California Law mandates that food labels accurately portray the contents of the food packaging. Cal. Health & Safety Code § 110675 (Any food is misbranded if it is in package form, unless it bears a label containing . . . An accurate statement of the quantity of the contents in terms of weight, measure, or numerical count.)

## I.    THE HERSHEY COMPANY AND THE HERSHEY SALTY SNACK SALES COMPANY

29.    According to www.thehersheycompany.com, The Hershey Company was established in 1894. In 2018, The Hershey Company acquired Amplify Snack Brands, Inc., the producer of SkinnyPop Popcorn. In 2023, Amplify Snack Brands, Inc. changed its name in California to The Hershey Salty Snack Sales Company. Together, they continue to produce and market SkinnyPop Popcorn.

(See https://www.hersheyland.com/brands/snacks)

30.    SkinnyPop Popcorn is sold at various retail stores throughout California, including but not limited to Sprouts, Vons, Costco Wholesale, Ralphs, Rite Aid, Walgreens, Smart and Final, Albertsons, and Target.

31.    According to Defendants' website, SkinnyPop Popcorn is sold in various bag sizes, including 2.8 oz, 4.4 oz size, a 5.3 oz size, a 6.7 oz size, and 9.3 oz. (See https://www.hersheyland.com/skinnypop).

32.    Defendants have, and continue to, distribute and sell SkinnyPop Popcorn in California since approximately 2010.

33.    Plaintiffs and other members of the Putative Class purchased one or more bags of SkinnyPop Popcorn from various retail stores in California throughout the relevant time-period.

CLASS ACTION COMPLAINT

## II.    INDUSTRY STANDARD AND CONSUMER EXPECTATIONS

34.    "The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers." *McGinity v. P&G* (9th Cir. 2023) 69 F.4th 1093, 1097. A consumer is thought to act reasonably when there is a "probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id. (quoting Ebner v. Fresh, Inc.*, (9th Cir. 2016) 838 F.3d 958. "Reasonable consumers also rely on serving size and product yield information as well as the feel of the package to inform their purchasing decisions." (*Stewart v. Kodiak Cakes, LLC* (S.D.Cal. 2021) 537 F. Supp. 3d 1103, 1142.)

35.    Plaintiffs are informed and believe and allege thereon that the snack industry standard is to fill SkinnyPop Popcorn bags with the amount of popcorn and serving size as stated on their labels and advertisement. Cal. Health & Safety Code § 110675 (Any food is misbranded if it is in package form, unless it bears a label containing . . . An accurate statement of the quantity of the contents in terms of weight, measure, or numerical count.)

36.    In fact, Defendants advertise the serving amounts indicated on the Skinny Pop popcorn bag labels on their website. (https://www.hersheyland.com/products/skinnypop-original-popped-popcorn

37.    Based on Plaintiffs' preliminary investigation, the average consumer expects a bag of popcorn to be filled with the approximate amount of popcorn as advertised on the label.

38.    Thus, Plaintiffs are informed and believe and allege thereon that the reasonable consumer expects that a bag of popcorn would contain the approximate amount of popcorn as advertised on the label.

39.    Plaintiffs are informed and believe and allege thereon that the industry standard has created a gateway expectation among consumers that has been deceptively exploited by Defendants in manner described herein.

## III.    CONSUMERS ARE DECEIVED BY THE ADVERTISEMENT, LABEL, AND FILL OF SKINNYPOP POPCORN

### a. SkinnyPop Labels are False and Misleading, And The Information on SkinnyPop Popcorn Bags is Deceptive

40.    SkinnyPop Popcorn is sold in opaque, non-transparent bags. The bags are filled with non-GMO air and popcorn. The bags are made of thin aluminum and plastic which deprives the consumer to view the amount of popcorn inside the bags because the bags are nontransparent. Thus, consumers are unable to view the contents of the container. As a result, reasonable consumers, such as Plaintiffs, depended upon, and continue to depend upon, the product advertisement and information on the label, such as the amount, volume, and serving amount, among other things to conduct product comparisons and make purchasing decisions.

41.    Plaintiffs expected, and other reasonable consumers may reasonably presume, to receive the amount, volume and/or serving size of popcorn indicated on Defendants' labels and advertisement. This presumption is in line with the consumer reasonable expectation that bags of snacks, such as SkinnyPop Popcorn, contain the amount of popcorn that is stated on the label.

42.    However, after purchasing SkinnyPop Popcorn bags, Plaintiffs noticed the bags contained much less popcorn than what was stated on its labels.

43.    Plaintiffs allege SkinnyPop Popcorn bags routinely contain significantly less popcorn than advertised.

44.    For example, Plaintiffs Cade and Michelle Bogren allege that the 4.4 oz bags of SkinnyPop Popcorn, including the Original, Butter, and White Cheddar flavors, contain only approximately 9.5, 12.5, and 11 cups of popcorn respectively.

This is a significant difference than the 16.5 cups advertised for the Original flavor, the 14.63 cups advertised for the Butter flavor, and the 15.4 cups advertised for the White Cheddar flavor by SkinnyPop.

45.    Plaintiff Jeremiah Tills alleges that, for example, the 4.4 oz bags of SkinnyPop Popcorn, including the Original, Twist of Lime, and White Cheddar flavors, contain respectively approximately 10.5, 11.25, and 11 cups of popcorn. This is significantly less than the 16.5 cups advertised for the Original flavor, the 13.2 cups advertised for the Twist of Lime flavor, and the 15.4 cups advertised for the White Cheddar flavor by SkinnyPop.

46.    Further, Plaintiff Jeremiah Tills alleges that the 5.3 oz bags of SkinnyPop Kettle Corn contain approximately 9.5 cups of Kettle Corn. This is a significant difference to the 12.5 cups advertised.

47.    Plaintiff Jeremiah Tills also alleges that the 6.7 oz bags of Original flavor SkinnyPop Popcorn contain only approximately 17.5 cups of popcorn, rather than the 24.38 cups advertised.

48.    Additionally, Plaintiffs allege that if the nutrition label on SkinnyPop Popcorn bags reflect an accurate total calorie count, there are more calories per serving of SkinnyPop Popcorn labels than advertised.

49.    Based on information and belief, Plaintiffs allege thereon that the same or similar discrepancies are found in other bags of SkinnyPop Popcorn.

50.    Defendants have the duty to inform consumers about the amount of the product in the bag.

51.    Plaintiffs and other putative class members reasonably believed that a bag of SkinnyPop Popcorn contained the volume, serving size, nutrition, and/or amount of popcorn indicated on the respective label.

52.    However, consumers are misled by the information on the labels of SkinnyPop Popcorn because the information does not truthfully or accurately reflect the amount of popcorn in the bag.

53.    Plaintiffs thus allege that consumers are misled and deceived by the labels on the SkinnyPop Popcorn bags. See Cal. Health & Safety Code § 110675.

54.    Therefore, Defendants have knowingly deprived, and continue to deprive, consumers out of popcorn.



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21   [Intentionally left blank]
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT



55.    A reasonable consumer, such as Plaintiffs, depended upon, and continue to depend upon, the product advertisement, label, and the fill of the packaging, among other things to conduct product comparisons and make purchasing decisions.

56.    Consumers, like Plaintiffs, purchase a wide variety of flavors and sizes, and rely on the information on the SkinnyPop Popcorn bags to provide an accurate description of the contents of the product purchased.

CLASS ACTION COMPLAINT

## IV.    BOTH FEDERAL AND CALIFORNIA LAW PROHIBIT THE SELLING OF MISBRANDED FOOD PRODUCTS TO CONSUMERS

57.    Pursuant to California[1] and Federal law[2], Defendants are prohibited from misleading consumers as to the quantity in the container, as well as prohibited from misbranding any food product.

58.    SkinnyPop Popcorn bags are misbranded pursuant to Federal law for the following reasons: (1) its label contains a false and misleading advertisement; and (2) its label contains false and misleading information as to its nutrition, volume, serving size, and amount of popcorn in the bag.

59.    Defendants violated California law by (1) disseminating false advertisements of SkinnyPop Popcorn in the state of California; (2) producing and selling SkinnyPop Popcorn, which are falsely advertised, in the state of California; (3) advertising SkinnyPop Popcorn, which are misbranded, in the state of the California; and (4) producing and selling misbranded SkinnyPop Popcorn in the state of California.

60.    Defendants also knowingly produced and sold misbranded food products to consumers throughout California and the United States.

---

[1] The Sherman Food, Drug, and Cosmetic Law (California Health and Safety Code §109875 et seq.) regulates the packaging, labeling, and advertising of food, drugs, and cosmetics in California

[2] The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21. U.S.C. § 301 et seq., regulates food, drugs, and cosmetics produced and sold in the United States. Specifically, 21 U.S.C. § 331(b) prohibits "the adulteration or misbranding of any   food...in interstate commerce."

## V.    PLAINTIFFS AND PUTATIVE CLASS MEMBERS WERE INJURED AND CONTINUE TO BE INJURED BY DEFENDANTS.

61.    Defendants knew or had reason to know that they were misinforming and misleading Plaintiffs and other consumers about the amount of popcorn, volume, and true contents of SkinnyPop Popcorn.

62.    Defendants' conduct deliberately induced, and continues to induce, consumers, such as Plaintiffs and other putative class members, to purchase SkinnyPop Popcorn.

63.    As a result of Defendants' unfair and deceptive conduct, consumers, such as Plaintiffs, suffered, and continue to suffer, economic injury by purchasing SkinnyPop Popcorn, a product they would not have purchased had they known the truth about the product.

64.    Plaintiffs further believe that additional violations may be discovered and therefore reserve their right to allege additional violations of the law as investigation and discovery warrants. In the event Plaintiffs discover additional violations through the discovery process, Plaintiffs will seek to amend the operative compliant as necessary.

## **CLASS DEFINITION**

65.    Members of the proposed Class are defined as follows during the period commencing on the date that is within four years prior to the filing of this Complaint and through the present date (hereinafter the "Class Period"). To the extent that equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

a.    All consumers in the state of California who purchased SkinnyPop Popcorn, which are sold in various sizes, including but not limited to 4.4 oz, 5.3 oz, and 6.7 oz bags from a retailer in the state of California

for personal family or household purposes, and not for resale purposes during the Class Period.[3]

66.    The Class is comprised of "consumers" and "members of the public," as the terms are used in California's Civil Code and Business and Professions Code.

67.    A more precise definition of the class and/or classes may be determined after further investigation and discovery is conducted.

68.    Plaintiffs reserve their right to redefine the class and/or classes at any time prior to the court's order on Plaintiffs' Motion for Class Certification as provided by law.

## CLASS ALLEGATIONS

69.    Plaintiffs bring this action on behalf of themselves, and on behalf of all persons within the defined Class outlined above.

70.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action, as set forth in Cal. Code Civ. Proc. § 382, Cal. Civ. Code § 1781, and the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), rule 23, in that:

    a.    The persons who comprise the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    b.    Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every member of the Class, and as a practical matter, be dispositive of the interests of the other members not party to the adjudication;

---

[3] Excluded from the Class are Plaintiffs' attorneys of record, their employees, and their family members, as well as any judges to which this action is assigned, and their family members.

CLASS ACTION COMPLAINT

c.    The parties opposing the Class have acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole; and

d.    Common questions of law and fact exist as to the members of the Class and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(i) The interests of class members in individually controlling the prosecution or defense of separate actions;

(ii) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

(iii)    The desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

(iv)    The difficulties likely to be encountered in the management of a Class Action.

71.    The Court should permit this action to be maintained as a Class Action pursuant to Cal. Code Civ. Proc. § 382, Cal. Civ. Code § 1781, and Fed. R. Civ. P. 23 because:

a.    Questions of law and fact common to the Class are substantially similar and predominate over any questions affecting only individual members;

b.    A Class Action is superior to any other available method for the fair and efficient adjudication of class members' claims;

c.    The members of the Class are so numerous that it is impracticable to bring all class members before the Court;

d.    Plaintiffs' claims are typical of the claims of the Class;

e.    Plaintiffs and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

f.    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties alleged, and in obtaining adequate compensation for the damages that Defendant's actions have inflicted upon the Class;

g.    Plaintiffs can and will fairly and adequately protect the interest of the Class;

h.    There is a community of interest in ensuring that the combined assets and available insurance of Defendants is sufficient to adequately compensate the members of the Class for the injuries sustained; and

i.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Against Defendants and Does 1-10)
### UNFAIR COMPETITION
### [Cal. Bus. & Prof. Code § 17200 et seq.]

72.    Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, all paragraphs of this Complaint.

73.    Cal. Bus. & Prof. Code § 17200 et seq. codifies California's Unfair Competition Law ("UCL"), which broadly prohibits "any unlawful, unfair, or

fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…"

74.    The UCL permits a cause of action to be brought if a practice violates some other law.  In effect, the "unlawful" prong of the UCL makes a violation of the underlying law a per se violation of Cal. Bus. & Prof. Code § 17200 et seq. (*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180.)  Virtually any law or regulation – federal, state, statutory, or common law – can serve as a predicate for a § 17200 "unlawful" violation. (See *Farmers Ins. Exch. v. Superior Court (People)* (1992) 2 Cal.4th 377, 383.)

75.    A practice may be "unfair" under the UCL even if some other law does not specifically proscribe it. (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 20 Cal.4th 1134, 1143 [internal citations omitted].)  Pursuant to the California Supreme Court, the "unfair" standard is intentionally broad to allow courts maximum discretion is prohibiting new schemes to defraud. (*Cel-Tech Commc'ns, Inc., supra*, 20 Cal.4th at 180-181.)

76.    A business act or practice is deemed "fraudulent" under the UCL where "members of the public are likely to be deceived." (*Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36, 49.) A showing of actual deception, reasonable reliance, or damages is not required.  (*Id*.) The fraudulent prong may be used to attack the deceptive manner in which otherwise lawful contract terms are presented to an individual. (*See Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253.)  As such, even a true statement may be unlawful under the UCL if it is "couched in such a manner that is likely to mislead or deceive…, such has by failing to disclose other relevant information." (*Id*.)

77.    The unfair competition statue is not confined to anticompetitive business practices, but is also directed toward the public's right to protection from fraud, deceit, and unlawful conduct.  (*Hewlett v. Squaw Valley Ski Corp.* (1997) 54 Cal.4th 499, 519.)

78.     The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. (*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 949.)

## **Unlawful Conduct**

### **Federal Law**

79.     Defendants violated the UCL's prohibition against engaging in an unlawful act or practice by violating the following Federal laws:

a.     Defendants violated 21 U.S.C. § 331(a), which prohibits "the introduction or delivery for introduction into interstate commerce of any food….product…that is adulterated or misbranded by manufacturing and producing SkinnyPop Popcorn that (1) contain a label with false and misleading volume, nutrition, and/or serving amount information as SkinnyPop Popcorn bags do not contain the amount of popcorn in the bag as indicated on the label; and (2) contain a label with misleading advertisements, which represent to consumers that the bag contains a certain amount of popcorn and/or number of cups in the bag.

b.     Defendants violated 21 U.S.C. § 331(b), which prohibits "the adulteration or misbranding of any food…in interstate commerce" by producing and selling SkinnyPop Popcorn that (1) contain a label with false and misleading volume, nutrition, and/or serving amount information as SkinnyPop Popcorn bags do not contain the amount of popcorn as indicated on the label; and (2) contain a label with misleading advertisements, which represent to consumers that the bag contains a certain amount of popcorn and/or number of cups in the bag.

c.     Defendants violated the policy of 15 U.S.C. § 1451 by producing and selling SkinnyPop Popcorn that have a label with false and misleading

information. Defendants' deceptive practice of underfilling their bags prohibit consumers from being able to obtain accurate information to conduct accurate value comparisons.

    d.    Defendants violated 15 U.S.C. § 1452 by producing and selling unfairly and deceptively labeled SkinnyPop Popcorn, as discussed herein, which are a consumer commodity.

## California Law

80.    Defendants violated the UCL by violating the following California laws:

    a.    Defendants violated Cal. Health & Saf. Code § 110390, which makes it unlawful to disseminate any false advertisement of any food, by manufacturing, distributing and selling SkinnyPop Popcorn, which contain false and misleading advertisements on its label, as described herein.

    b.    Cal. Health & Saf. Code § 110395 makes it unlawful for any person to manufacture, sell…or offer for sale any food…that is falsely advertised. Defendants violated Cal. Health & Saf. § 110395 by manufacturing and selling SkinnyPop Popcorn in California, which as described herein contain false advertisements.

    c.    Defendants violated Cal. Health & Saf. Code §110398 by advertising and selling SkinnyPop Popcorn in California whose (1) labeling contains false and misleading information, as described herein.

    d.    Cal. Health & Saf. Code § 110760 makes it unlawful for any person to manufacture sell, or offer for sale any food that is misbranded. Defendants violated Cal. Health & Saf. Code § 110760 by manufacturing, distributing and selling misbranded SkinnyPop Popcorn in the state of California, as described herein.

e.      Defendants violated Cal. Health & Saf. Code § 110765 by misbranding SkinnyPop Popcorn, as described herein.

f.      As discussed below, Defendants violated Cal. Bus. & Prof. Code § 17500 et seq.

g.      As discussed below, Defendants violated California's Consumers Legal Remedies Act.

81.    Pursuant to the above, Defendants engaged in unlawful acts and practices in violation of the UCL.

82.    Plaintiffs and putative class members reserve their right to allege other violations of law which constitute other unlawful business acts or practices, as investigation and discovery warrants.

## **Unfair Conduct**

83.    Defendants' regular practice of placing false and misleading volume, amount, nutrition, and/or serving amount information on the label of SkinnyPop Popcorn, as described herein, is an unfair business practice pursuant to the UCL since the practice misleads consumers into believing that they are purchasing a product that contains a certain amount of popcorn.

84.    Defendants are in a superior position to know the true state of their product, rather than consumers who could not discern the true amount of SkinnyPop Popcorn they were purchasing due to the opaque bag. By engaging in this practice, Defendants knowingly deprive consumers out of popcorn that they bargained for. This is especially true as the industry standard is to provide accurate information as to the amount of the product in the bag.

85.    Defendants' conduct, as described herein, is unfair because it violates the policy of 15 U.S.C. § 1451 since Defendants have prevented consumers, such as Plaintiffs, from being able to obtain accurate information to facilitate value comparisons.

**<u>Fraudulent Conduct</u>**

86.    Defendants' practice of falsely advertising, misrepresenting, and misbranding SkinnyPop Popcorn to consumers, as described herein, is not only unlawful, but also constitutes a fraudulent business practice under the UCL.  This is particularly true as Plaintiffs and other putative class members are likely to be, and are actually deceived, as to quantity of the product they are purchasing. The representations of SkinnyPop Popcorn on its advertisement, label, and fill prohibits consumers from making informed comparisons and purchases.

87.    As described herein, Defendants' fraudulent business practices are clear violations of the UCL.

88.    As a direct and proximate result of Defendants' unfair business practices and deceptive, untrue, and misleading advertising, Plaintiffs and other members of the putative Class suffered injury in fact when they purchased SkinnyPop Popcorn for personal, family or household consumption. Plaintiffs and other consumers would not have purchased SkinnyPop Popcorn absent Defendants' misrepresentations.

89.    Plaintiffs, and other members of the Class, are entitled to, and do seek, such relief as may be necessary to restore them the money and property to which Defendants have acquired, or which Plaintiffs and other members of the putative class have been deprived.

90.    Plaintiffs and other reasonable consumers have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which will exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

91.    Plaintiffs, and other putative class members, are entitled to, and seek, a declaration that the above described businesses practices are unfair, unlawful, and/or fraudulent.

CLASS ACTION COMPLAINT

92.    Through its unlawful, unfair, and/or fraudulent business practices, Defendants reaped, and continue to reap, the benefits and profits at the expense of Plaintiffs and members of the putative Class.  Plaintiffs and members of the putative Class are entitled to, and do seek, equitable relief in the form of restitution of all monies paid for SkinnyPop Popcorn and disgorgement of profits Defendant derived from its unlawful, unfair, and/or fraudulent business practices.

93.    Plaintiffs further allege that if Defendants are not enjoined, it will continue to engage in conduct that is injurious to the public and violates California law. As such, Plaintiffs and other putative class members seek to obtain an injunction, as provided by Cal. Bus. & Prof. Code § 17203, prohibiting Defendants from continuing to engage in the unlawful, unfair, fraudulent and/or misleading business practices described herein.

94.    Plaintiffs and the putative Class also seek reasonable attorneys' fees and costs incurred in bringing this action.

95.    Plaintiffs, on behalf of themselves and other members of the putative Class, requests further relief described in the below prayer.

### SECOND CAUSE OF ACTION
### (Against Defendants and Does 1-10)
### DECEPTIVE AND MISLEADING ADVERTISING
### [Cal. Bus. & Prof. Code § 17500 et seq.]

96.    Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, all paragraphs of this Complaint.

97.    According to Cal. Bus. & Prof. Code § 17500, it is unlawful to make an untrue or misleading statement in connection with the sale or dissemination of goods or services, if the person making the statement knew or should have known the statement was untrue or misleading.

CLASS ACTION COMPLAINT

98.   Section 17500 prohibits "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." (*Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal.App.4th 663, 679.)

99.   According to California law, virtually any statement made in connection with the sale of a product or service is advertising. (*See e.g., Chern v. Bank of America* (1976) 15 Cal.3d 866, 875-876.) Product labels are "advertising" within the meaning of § 17200 and § 17500. (58 Ops.Attny.Gen. 297 (1975).)

100.   Advertising is untrue or misleading if a reasonable consumer would be deceived. (*Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal.App.4th 663, 682.) A "reasonable consumer" is defined pursuant to California law as "the ordinary consumer acting reasonably under the circumstances, [who] is not versed in the art of inspecting and judging a product, in the process of its preparation or manufacture." (*Id* [internal quotation marks omitted.].)

101.   In determining whether advertising is misleading or deceptive, California Courts evaluate the advertisement's entire impression, including words, images, format, and product placement. (*See Committee on Children's Television, Inc. v. General Foods Corp., supra*, 35 Cal.3d at 210.) California law does not require a reasonable consumer to look beyond the deceptive advertising to discover the truth. (*See Williams v. Gerber Products Co.* (9th Cir. 2008) 552 F.3d 934, 938 [Appellate court disagreeing with the district court that reasonable consumers should be expected to look beyond the misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.].)

102.   Defendants' practices, as described herein, have deceived, and will continue to deceive consumers, such as Plaintiffs and members of the putative Class, by compelling consumers to rely on the misleading and false information provided on SkinnyPop Popcorn.

103. Defendant's practice of mislabeling SkinnyPop Popcorn bags is deceptive in that it misleads Plaintiffs and other putative class members into believing that they are purchasing a certain amount of product. Defendants deceive Plaintiffs and other putative class members when they fill the popcorn bags with approximately up to 43% less popcorn than what is stated on the label.

104. In addition, Plaintiffs allege Defendants engage in mislabeling the nutrition and calorie content of each serving of SkinnyPop Popcorn. Should the total calorie content as labeled on the popcorn bags be correct, there are more calories per serving of SkinnyPop Popcorn than advertised.

105. By their own actions, Defendants have, and continue to, disseminate uniformly misleading advertising concerning SkinnyPop Popcorn. As described herein, SkinnyPop advertising is unfair, deceptive, untrue, and misleading, thus falling within the meaning of Cal. Bus. & Prof. Code § 17500 et seq.

106. Defendants intended for Plaintiffs and other putative class members to depend upon the false and misleading information placed on the principal display panel on SkinnyPop Popcorn labels. In fact, Plaintiffs and other putative class members were deceived by the false and misleading advertisements placed on SkinnyPop Popcorn.

107. The fact that Defendants concealed or failed to disclose to Plaintiffs and other consumers the amount of popcorn is material in that a reasonable consumer would have considered these facts to be important when deciding to purchase SkinnyPop Popcorn. Had they known of the wrongful conduct by Defendants, Plaintiffs and consumers would have not purchased SkinnyPop Popcorn.

108. Defendants' unfair and deceptive practices occurred repeatedly in Defendants business, and were capable of deceiving a substantial portion of the purchasing public.

109.    Due to Defendants' untrue, misleading, and deceptive advertising, Plaintiffs and the putative Class have suffered injury by purchasing a product they would not have otherwise purchased.

110.    Plaintiffs and other reasonable consumers have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which will exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

111.    Plaintiffs and the other members of the putative Class are entitled to, and seek, equitable relief in the form of restitution for all monies paid for SkinnyPop Popcorn, disgorgement of the profits derived from Defendants' false and misleading advertising.

112.    Plaintiffs and other putative class members are entitled to and do seek reasonable attorneys' fees and costs incurred as a result of bringing this action.

113.    Plaintiffs and the putative Class are also entitled to, and do seek, an injunction prohibiting Defendants from continuing to engage in such unlawful, unfair, fraudulent, and/or misleading conduct.

114.    Plaintiffs and other members of the putative Class are entitled to and do seek an order requiring Defendants to make full disclosures to correct its prior misrepresentations and omissions.

115.    Plaintiffs, on behalf of themselves and other putative class members, request further relief as described in the below prayer.

## THIRD CAUSE OF ACTION
### (Against Defendants and Does 1-10)
### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
### [Cal. Civ. Code § 1750 et seq.]

116.    Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, all paragraphs of this Complaint.

117.   California's Consumer Legal Remedies Action ("CLRA"), as codified in Cal. Civ. Code § 1750 et seq., provides protection for California consumers against unfair, deceptive and unlawful practices, and unconscionable practices in connection with the sale of any goods or services.

118.   Specifically, Cal. Civ. Code § 1770(a) provides:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> > (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not have;
> > …
> >
> > (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style, model, if they are another.
> > …
> >
> > (9) Advertising goods or services with intent not to sell them as advertised.

119.   SkinnyPop Popcorn are "goods" as defined by Cal. Civ. Code § 1761(a). Defendants are persons under Cal. Civ. Code § 1761(c).  Plaintiffs and members of the putative Class are "consumers" by way of Cal. Civ. Code § 1761(d) because they purchased SkinnyPop Popcorn for personal or household use.   The purchase of SkinnyPop Popcorn is a "transaction" pursuant to Cal. Civ. Code § 1761(e).

120.    Defendants have violated, and continue to violate, the CLRA by engaging in the unlawful practices, described herein, which were intended to result in, and did result in, the sale of SkinnyPop Popcorn.

121.    As argued herein, Defendants represented, and continue to represent, to consumers that they are purchasing SkinnyPop Popcorn bags that contain specified amounts of popcorn, when in fact SkinnyPop Popcorn bags contain less popcorn that what is promised, in violation of Cal. Civ. Code § 1770(a)(5) and (7).

122.    As indicated herein, Defendants advertised SkinnyPop Popcorn as containing certain amount of popcorn.  However, Defendants knowingly bagged, distributed, and sold SkinnyPop Popcorn, containing approximately up to 43%  less popcorn than what is advertised, contrary to the advertisement and/or label in violation of Cal. Civ. Code § 1770(a)(9).

123.    Defendants have violated, and continue to violate, the CLRA by representing to consumers who purchase SkinnyPop Popcorn that they are receiving certain amount of popcorn, while failing to disclose the material fact, that their bags do not contain the promised amount of popcorn.

124.    Defendants knew, or should have known, that the representations were false and misleading, and that the omissions were of material facts that are required to be disclosed.

125.    Due to Defendants' failure to disclose material facts related to the actual characteristics and composition of SkinnyPop Popcorn, Plaintiffs and the putative Class were, and continue to be, irreparably harmed.

126.    Plaintiffs and putative class members would not have purchased SkinnyPop Popcorn had they known the true nature of the falsely represented product.

127.    Defendants' conduct is fraudulent, wanton, and malicious.

128.    Plaintiffs, individually and on behalf of the other members of the putative Class, are entitled to, and do seek a Court order enjoining the above-described wrongful acts and practices of Defendants pursuant to Cal. Civ. Code § 1780(a)(2).

129.    Pursuant to Civ. Code § 1780(e), Plaintiffs and the putative class members are entitled to, and do seek, reasonable attorneys' fees and all costs incurred in bringing this action.

**FOURTH CAUSE OF ACTION**
**(Against Defendants and Does 1-10)**
**BREACH OF EXPRESS WARRANTY**
**[Cal. Com. Code § 2313(1)]**

130.    Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

131.    Cal. Com. Code § 2313 (1) states as follows:
**(1)** Express warranties by the seller are created as follows:
**(a)** Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
**(b)** Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
**(c)** Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

132.    Through the SkinnyPop Popcorn labels, Defendants made affirmations of fact or promises, or description of goods, that, *inter alia,* SkinnyPop Popcorn bags contained certain amount of popcorn, while in fact the bags had much less popcorn as alleged herein.  For example, as alleged herein, Defendants represented that there are between 13.2 and 16.5 cups of popcorn in the 4.4 oz bags, a total of 12.5 cups in the 5.3 oz bag, and a total of 24.38 cups in the 6.7 oz bags. Accordingly, these statements are express warranties under California Law.

133.    However, for example, Plaintiffs allege the Original flavor 4.4 oz bags contain approximately 9.5 cups of popcorn; and the Butter 4.4 oz bags contain approximately 12.5 cups of popcorn. Defendants thus are giving its consumers approximately up to 43% less than what is labeled and promised.

134.    Additionally, SkinnyPop Popcorn bags advertise calories per serving on their nutrition labels. However, as described herein, the popcorn bags do not contain the amount of popcorn in volume as advertised on the nutrition labels. If the popcorn bags contain the number of total calories indicated on the nutrition labels, there are significantly more calories per serving of SkinnyPop Popcorn than advertised.

135.    These representations were part of the basis of the bargain, in that Plaintiffs and the Class purchased the SkinnyPop Popcorn in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

136.    Defendants breached its express warranties by selling SkinnyPop Popcorn that do not contain the total amount and number of servings of popcorn as promised.

137.    That breach actually and proximately caused injury in the form of the lost purchase price, or some portion thereof, that Plaintiffs and Class members paid for SkinnyPop Popcorn.

138.    As a result, Plaintiffs seek, on behalf of themselves and the Class, actual damages arising as a result of Defendants' breaches of express warranty, including without limitation, expectation damages.

139.    Because the UCL and FAL apply to a broader set of business practices than the California Commercial Code, Plaintiffs' legal remedies under the Commercial Code are inadequate to fully address all of Defendants' challenged behavior.

/ / /

/ / /

## FIFTH CAUSE OF ACTION
### (Against Defendants and Does 1-10)
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### [Cal. Com. Code § 2314]

140.    Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

141.    Cal. Com. Code § 2314 states as follows:

**(1)** Unless excluded or modified (Section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

**(2)** Goods to be merchantable must be at least such as

**(a)** Pass without objection in the trade under the contract description; and

**(b)** In the case of fungible goods, are of fair average quality within the description; and

**(c)** Are fit for the ordinary purposes for which such goods are used; and

**(d)** Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

**(e)** Are adequately contained, packaged, and labeled as the agreement may require; and

**(f)** Conform to the promises or affirmations of fact made on the container or label if any.

142.    Defendants', through their acts set forth herein, in the sale, marketing, and promotion of SkinnyPop Popcorn, made representations to Plaintiffs and the Class that, among other things, the products yield specific volume and/or serving amount as alleged herein: for example approximately between 13.2 and 16.5 cups in the 4.4 oz bags, 12.5 cups in the 5.3 oz bag, and 24.38 cups in the 6.7 oz bags . However, Plaintiffs allege the Original flavor 4.4 oz bags contain as little as 9.5 cups of popcorn;

///

CLASS ACTION COMPLAINT

and the Butter 4.4 oz bags contain as low as 12.5 cups of popcorn. Defendants are thus giving its consumers up to approximately 43% less than what is labeled and promised.

143.   Defendants', through their acts set forth herein, in the sale, marketing, and promotion of SkinnyPop Popcorn, made representations to Plaintiffs and the Class that each serving of SkinnyPop Popcorn contains a specified number of calories. Should the total calorie count of each bag be accurate but actual number of servings in the bags be inaccurate, SkinnyPop Popcorn contains more calories per serving than advertised.

144.   Defendants are merchants with respect to the goods of this kind which were sold to Plaintiffs and the Class, and there was, in the sale to Plaintiffs and other consumers, an implied warranty that those goods were merchantable.

145.   However, Defendants breached that implied warranty in that the SkinnyPop Popcorn bags do not contain the amount of popcorn stated on the label, as alleged herein.

146.   As an actual and proximate result of Defendants' conduct, Plaintiffs and other Class members did not receive goods as impliedly warranted by SkinnyPop Popcorn to be merchantable in that they did not conform to promises and affirmations made on the labels of the goods, including the quantity.

147.   Plaintiffs and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the SkinnyPop Popcorn's purchase prices, or some portion thereof.

148.   Because the UCL and FAL apply to a broader set of business practices than the California Commercial Code, Plaintiff's legal remedies under the Commercial Code are inadequate to fully address all of Defendants' challenged behavior.

/ / /

/ / /

## SIXTH CAUSE OF ACTION
### (Against Defendants and Does 1-10)
### INTENTIONAL MISREPRESENTATION

149.    Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

150.    Intentional misrepresentation is the representation of fact, by one who knows its falsity, made with the intent to defraud, which justifiably induces reliance on those false misrepresentations, causing damage from the justifiable reliance.

151.    Defendants', through their acts set forth herein, in the sale, marketing, and promotion of SkinnyPop Popcorn, made representations to Plaintiffs and the Class that, among other things, the products yield specific volume and/or serving amount as alleged herein: for example approximately between 13.2 and 16.5 cups in the 4.4 oz bags, 12.5 cups in the 5.3 oz bag, and 24.38 cups in the 6.7 oz bags . However, the Original flavor 4.4 oz bags contain as little as 9.5 cups o of popcorn; and the Butter 4.4 oz bags contain as low as 12.5 cups of popcorn. Plaintiffs allege Defendants are giving its consumers up to approximately 43% less than what is labeled and promised.

152.    Defendants', through their acts set forth herein, in the sale, marketing, and promotion of SkinnyPop Popcorn, made representations to Plaintiffs and the Class that each serving of SkinnyPop Popcorn contains a specified number of calories. Should the total calorie count of each bag be accurate but actual number of servings in the bags be inaccurate, SkinnyPop Popcorn contains more calories per serving than advertised.

153.    Defendants' misrepresentations regarding SkinnyPop Popcorn bags are material to a reasonable consumer because they relate to the volume, nutrition, and amount of popcorn the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

154.    At all relevant times when such misrepresentations were made, Defendants knew that the representations were false or misleading or have acted recklessly in making the representations without regard to the truth. When Defendants made the above representations, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and other consumers, and induce them to act in reliance on these representations and purchase the product.

155.    Defendants intend that Plaintiffs and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the SkinnyPop Popcorn labels and information by Defendants.

156.    Plaintiffs and members of the Class, at the time these representations were made by Defendants, were unaware of the falsity of Defendants' representations and believed them to be true.

157.    Plaintiffs and members of the Class have reasonably and justifiably relied on Defendants' intentional misrepresentations when purchasing SkinnyPop Popcorn, and had the correct facts been known, Plaintiffs would not have purchased them at the prices at which they were offered.

158.    Therefore, as a direct and proximate result of Defendants' intentional misrepresentations, Plaintiffs and members of the Class have suffered economic losses and other general and specific damages, in the amount of SkinnyPop Popcorn's purchase prices, or some portion thereof, and any interest that would have accrued on those monies, all in an amount to be proven at trial, as well as attorneys' fees, and costs.

/ / /

/ / /

## SEVENTH CAUSE OF ACTION
### (Against Defendants and Does 1-10)
### NEGLIGENT MISREPRESENTATION

159.   Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

160.   Plaintiffs allege on information and belief that each of the representations described herein were false or misleading when made by Defendants (as described above), was made with willful, wonton and conscious disregard for those representations, and without a reasonable basis for believing them to be true. The representations induced Plaintiffs and other members of the Class to purchase the SkinnyPop Popcorn as alleged herein.

161.   Defendants' marketed SkinnyPop Popcorn in a manner indicating that the bags contain specific volume and/or serving amount as alleged herein: for example approximately between 13.2 and 16.5 cups in the 4.4 oz bags, 12.5 cups in the 5.3 oz bag, and 24.38 cups in the 6.7 oz bags. However, for example, the Original flavor 4.4 oz bags contain as little as 9.5 cups o of popcorn; and the Butter 4.4 oz bags contain as low as 12.5 cups of popcorn. Defendants are thus giving its consumers up to approximately 43% less than what is marketed, labeled and promised.

162.   Defendants', through their acts set forth herein, in the sale, marketing, and promotion of SkinnyPop Popcorn, made representations to Plaintiffs and the Class that each serving of SkinnyPop Popcorn contains a specified number of calories. Should the total calorie count of each bag be accurate but actual number of servings in the bags be inaccurate, SkinnyPop Popcorn contains more calories per serving than advertised.

163.   Therefore, Defendant has made misrepresentations about SkinnyPop Popcorn.

164.   Defendants' misrepresentations regarding SkinnyPop are material to a reasonable consumer because they relate to the serving, nutrition, and amount of

popcorn the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

165. At all relevant times when such misrepresentations were made, Defendants knew or had been negligent in not knowing that the SkinnyPop Popcorn bags contained less popcorn than promised.

166. Each of the Defendants had a duty to know or discover and disclose the true information which was material to the purchases made by Plaintiffs and other members of the Class. Defendants' failure to disclose these material facts to Plaintiffs and other members of the Class, constitutes intentional and/or negligent misrepresentation with a willful and wonton disregard for the material facts.

167. Defendants intended that Plaintiffs and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on SkinnyPop Popcorn packaging by Defendants.

168. Plaintiffs and members of the Class have reasonably and justifiably relied on Defendants' intentional misrepresentations when purchasing SkinnyPop Popcorn, and had the correct facts been known, Plaintiffs would not have purchased them at the prices at which they were offered.

169. As a direct and proximate result of Defendants' negligent and/or willful, wonton disregard for the truth of these misrepresentations as herein alleged, Plaintiffs and other members of the Class have incurred damages in that they were induced to pay for products that did not contain the amount of product as stated on the label, as alleged herein, and have been damaged in at least the sum in excess of the jurisdictional amount of this Court, and additional amounts according to proof at the time of trial, including interest, attorneys' fees, and costs.

170. Therefore, as a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs and members of the Class have suffered economic losses

and other general and specific damages, in the amount of the SkinnyPop Popcorn's purchase prices, or some portion thereof, and any interest that would have accrued on those monies, all in an amount to be proven at trial, as well as attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**(Against Defendants and Does 1-10)**
**UNJUST ENRICHMENT**

171.   Plaintiffs incorporate by reference the allegations of the preceding paragraphs, as though fully set forth herein.

172.   Defendants have received and retained a benefit from Plaintiffs and other consumers, and inequity has resulted.

173.   Defendants have been unjustly enriched as a result of the conduct described in this Complaint. Defendants received a benefit from Plaintiffs and other members of the Class in the form of compensation received for SkinnyPop Popcorn which did not contain the amount of popcorn as promised. Retention of this compensation received by Defendants would be unjust and inequitable. That compensation received by Defendants was not legitimately earned by Defendants and came at the expense of Plaintiffs.

174.   Defendants, and each of them jointly and severally, through their wrongful conduct as described in this Complaint, have reaped substantial profits from the monies belonging to Plaintiffs and/or other members of the Class, and in so doing have caused them to suffer monetary losses, among other things, all of which damages and costs were not only foreseeable but were the intended consequences of Defendants' collective actions.

175.   Based on the facts as alleged herein and as proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for Defendants to enrich themselves at the expense of Plaintiffs and other members of the Class.

176.    As a direct and proximate result of Defendants' wrongful actions, Defendants' have unjustly profited through the sale of SkinnyPop Popcorn. Defendants provided a lower value product than what consumers paid for and were advertised, and thus Plaintiffs and other consumers overpaid for SkinnyPop Popcorn.

177.    By its wrongful acts described herein, Defendants were unjustly enriched at the expense of Plaintiffs and other Class members. It would be inequitable for Defendants to retain the profits, benefits, and other compensation obtained from its wrongful conduct.

178.    As a result of the unjust enrichment of Defendants, Plaintiffs, on behalf of themselves and other Class Members, seek restitution from Defendants, and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained through its wrongful conduct, along with interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

179.    WHEREFORE, Plaintiffs, on behalf of themselves and all persons similarly situated, pray for judgment against Defendants as follows:

a.    For the Court to determine that this action may be maintained as a Class Action with the named Plaintiffs as Class Representatives;

b.    For the attorneys appearing on the above caption to be named as Class Counsel;

c.    For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

d.    For damages as provided by law;

e.    For restitution and all other forms of equitable monetary relief as permitted by law;

f.    For an order declaring that Defendants' conduct violates the laws referenced herein;

CLASS ACTION COMPLAINT

g.     For injunctive relief ordering the above-described unfair business practices to cease;

h.     For all other forms of equitable relief as provided by law;

i.     For pre- and post- judgment interest on all amounts awarded;

j.     For attorneys' fees and costs incurred in bringing this action, pursuant to Cal. Civ. Code §§ 1780(e), 1021.5 and other applicable law; and

k.     For any other relief, the Court may deem as just and proper.

Dated:  September 12, 2024          **CONSUMER AND EMPLOYMENT LAWYERS**


*Alicja Urtnowski*
R. Craig Clark
Alicja A. Urtnowski
*Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiffs demand a jury trial on all issues triable to a jury.




Dated:  September 12, 2024          **CONSUMER AND EMPLOYMENT LAWYERS**


*Alicja Urtnowski*
R. Craig Clark
Alicja A. Urtnowski
*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT