UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CADE BOGREN, MICHELLE BOGREN, and JEREMIAH TILLS, individuals, on behalf of themselves, and all persons similarly situated,

Plaintiffs,

vs.

THE HERSHEY SALTY SNACK SALES COMPANY, a Delaware Corporation, *et. al.*,

Defendants.

Case No. 24-cv-1635-BJC-JLB

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**[ECF No. 16]**

Defendants The Hershey Salty Snack Sales Company, The Hershey Company, SkinnyPop Popcorn, LLC (collectively "Defendants") move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Cade Bogren, Michelle Bogren, and Jeremiah Tills' (collectively "Plaintiffs") First Amended Complaint ("FAC"). ECF No. 16. For the reasons below, Defendants' motion to dismiss under Rule 12(b)(6) is **GRANTED**.

## BACKGROUND

On September 12, 2024, Plaintiffs filed their initial Complaint. ECF No. 1. On January 8, 2025, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. On September 2, 2025, this Court granted

Defendants' Motion to Dismiss with leave to amend. ECF No. 12.

On October 7, 2025, Plaintiffs filed their First Amended Complaint, asserting claims for (1) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (2) violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq*.; (3) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq*.; (4) breach of express warranty, Cal. Com. Code § 2313(1); (5) breach of implied warranty of merchantability, Cal. Com. Code § 2314; (6) intentional misrepresentation; (7) negligent misrepresentation; and (8) unjust enrichment based on Defendants' conduct. ECF No. 14.

The allegations in the FAC are substantially similar to those alleged in the initial Complaint. *See* ECF Nos. 1, 14. Plaintiffs allege that Defendants manufacture, distribute, and/or sell SkinnyPop Popcorn ("SkinnyPop"). ECF No. 14 ¶¶ 10, 11. SkinnyPop is distributed in a variety of sizes, including 4.4 oz, 5.3 oz, and 6.7 oz bags and flavors, such as Original, Twist of Lime, and White Cheddar. *Id.* ¶ 8.

According to Plaintiffs, Defendants violated both California and federal law by misleading consumers through false advertising of SkinnyPop. Plaintiffs allege that after measuring eleven bags of SkinnyPop, they determined Defendants "regularly underfill the described volume/number of cups on the SkinnyPop Popcorn bags." *Id.* ¶ 26. Plaintiffs claim that the popcorn pieces were all whole in the bags they opened. *Id.* ¶ 30. Plaintiffs further allege that both the brand name and labeling on the bags led Plaintiffs to believe that "they could consume the portion sizes described on the bag and in the number of servings described in the bags." *Id.* ¶ 19. Because of the discrepancies in volume, Plaintiffs claim that "there are significantly more calories per serving of SkinnyPop popcorn than advertised." *Id.* ¶ 35.

Plaintiffs maintain that because SkinnyPop is sold in opaque, non-transparent bags, reasonable consumers depend on "the product advertisement and information on the label, such as the number of cups, servings, volume, size of the servings, and serving amount, among other things, to conduct product comparisons and make

purchasing decisions." *Id.* ¶ 51. Plaintiffs also claim that "[a]lthough the weight of the product generally matched" the statements on the label, "weight is irrelevant" because reasonable consumers decide to purchase popcorn based on volume. *Id.* ¶¶ 20, 37. Plaintiffs claim that they relied upon the SkinnyPop label and advertisement in deciding to purchase the product. *Id.* ¶ 67.

Plaintiffs bring this putative class action on behalf of themselves and all others within the defined class below:

> All consumers in the state of California who purchased SkinnyPop Popcorn, which are sold in various sizes, including but not limited to 4.4 oz, 5.3 oz, and 6.7 oz bags from a retailer in the state of California for personal family or household purposes, and not for resale purposes during the Class Period.

*Id.* ¶ 82.

On November 4, 2025, Defendants filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. On December 5, 2025, Plaintiffs filed a Response in Opposition. ECF No. 19. On December 19, 2025, Defendants filed a Reply. ECF No. 21.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**B. Federal Rule of Civil Procedure 9(b)**

Under Federal Rule of Civil Procedure 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 9(b) sets a higher standard for certain claims: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations and citations omitted).

> Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."

*Id.* at 1125.

## DISCUSSION

Defendants contend Plaintiffs' FAC must be dismissed for the following reasons: (1) Plaintiffs' FAC fails to state a claim as required by Rule 8 and Rule 12(b)(6); (2) Plaintiffs' fraud-based claims are not pleaded with particularity as required by Rule 9(b); (3) Plaintiffs' express warranty claim fails to plead a warranty promise or pre-suit notice of the claim; (4) Plaintiffs' implied warranty claim does not allege privity or that the product was unfit for human consumption; and (5) Plaintiffs' claims for equitable relief fail to allege a lack of an adequate remedy at law. *See generally* ECF No. 16.

### A. Statutory Claims

1. Rule 8 General Plausibility

Defendants move to dismiss the first, second, and third claims under the UCL, FAL, and CLRA, respectively, for failing to allege facts that would mislead a reasonable consumer. The UCL prohibits "any unlawful, unfair[,] or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Unlawful" conduct under the UCL includes "practices that are forbidden by any other law." *NJOY, LLC v. Imiracle (HK) Ltd.*, 760 F. Supp. 3d 1084, 1110 (S.D. Cal. 2024) (citing *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1100 (N.D. Cal. 2021)). "Fraudulent" conduct under the UCL includes "practices that are likely to deceive the public." *Id.* "Unfair" conduct under the UCL may include, among other things, practices that are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1215 (9th Cir. 2020).

Plaintiffs' first cause of action alleges that Defendants' conduct is "unlawful" under the UCL because they violated 21 U.S.C. § 331(a), 21 U.S.C. § 331(b), 15 U.S.C. § 1451, Cal. Health & Saf. Code § 110390, Cal. Health & Saf. Code § 110395, Cal. Health & Saf. Code § 110765, California's Consumers Legal Remedies Act, and

Cal. Bus. & Prof. Code § 17500 *et seq.* "by manufacturing and producing SkinnyPop Popcorn that (1) contain a label with false and misleading volume, number of cups, nutrition, and/or serving amount information" and "(2) contain a label with misleading advertisements." ECF No. 14 ¶¶ 99, 100. Plaintiffs further allege that Defendants' practice of "placing false and misleading volume, nutrition, number of cups, and/or servings information on the label of SkinnyPop Popcorn" is "unfair" because it "misleads consumers into believing that they are purchasing a product that contains a certain amount of volume, number of cups, and/or servings in the bag." *Id.* ¶ 103. Additionally, Plaintiffs assert that Defendants violated the "fraudulent" prong of the UCL by "falsely advertising, misrepresenting, and misbranding SkinnyPop Popcorn to consumers." *Id.* ¶ 107.

Plaintiffs raise their second cause of action under the FAL. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof . . . to make . . . any statement. . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500. Plaintiffs assert that Defendants' conduct misleads consumers "when they fill the popcorn bags with up to 43% less volume/number of cups than what is stated on the label." *Id.* ¶ 124.

Plaintiffs' third cause of action is brought under the CLRA. The CLRA prohibits the following conduct, among other things: "[r]epresenting that goods . . . have . . . characteristics . . . uses, [or] benefits . . . that they do not have;" and "[r]epresenting that goods . . . are of a particular standard, quality, or grade . . . if they are of another." Cal. Civ. Code § 1770(a)(5), (a)(7). The CLRA authorizes consumers to bring an action for damages and injunctive relief, provided they comply with certain notice requirements when seeking damages. *Id.* §§ 1780, 1782. Plaintiffs assert in their CLRA claim that Defendants represent SkinnyPop bags to contain a specified volume, number of cups, and/or servings when they contain less product

than stated, in violation of California Civil Code § 1770(a)(5) and (7). ECF No. 14 ¶ 145.

To state a claim under the UCL, FAL, and CLRA, Plaintiffs "must allege sufficient facts to satisfy the 'reasonable consumer standard.'" *Brown v. Brita Prods. Co.*, 172 F.4th 1113, 1118 (9th Cir. 2026) (citing *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 868 (9th Cir. 2025)). To satisfy the reasonable consumer standard, Plaintiffs must show "more than a mere possibility that the label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Whiteside v. Kimberly Clark Corp.* 108 F.4th 771, 777 (9th Cir. 2024) (internal citations omitted). To survive a motion to dismiss, a plaintiff must allege facts that "could plausibly prove that a reasonable consumer would be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 940 (9th Cir. 2008). Thus, the Court examines Plaintiffs' FAC to determine whether it plausibly suggests that a reasonable consumer could be misled by the nutrition labels on SkinnyPop.

Defendants contend that Plaintiffs have not stated a claim because they fail to allege facts that remedy the deficiencies the Court previously noted. ECF No. 16 at 13; ECF No. 12. Specifically, Defendants note that Plaintiffs concede on the point that the weight of the popcorn in a SkinnyPop bag was not misstated. ECF No. 16 at 14. In Defendants' view, the FAC also makes conclusory statements with respect to what a reasonable consumer would be deceived by, as opposed to alleging facts to support their claims about reasonable consumer behavior. *Id.* at 15. Finally, Defendants also contend that reasonable consumers would not rely solely on volume when purchasing a product like popcorn because its shape "and how multiple pieces may (or may not) fit together within a package will always vary." *Id.* at 16–17.

By contrast, Plaintiffs argue that the FAC contains sufficient allegations which demonstrate discrepancies in volume measurements and serving size. ECF No. 19 at 12. In Plaintiffs' view, these metrics are what matters to a reasonable consumer. *Id.* Plaintiffs further argue that because the FAC alleges that precautions are taken by

popcorn brands to ensure only fully popped popcorn is sold, and because no broken pieces were found in the batch of SkinnyPop bags that Plaintiffs investigated, the "morphology of popcorn" is irrelevant. *Id.* at 14–15. Plaintiffs allege that weight disclosure does not negate the need for Defendants to disclose accurate volume/number of cups and serving size information. *Id.* at 17.

Whether a reasonable consumer would be deceived by SkinnyPop's nutrition label requires a determination of the most appropriate way to measure popcorn. This Court previously determined that weight is a relevant measurement for evaluating popcorn. ECF No. 12 at 11; *See also Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1141 (S.D. Cal. 2021) ("In assessing a product, whether a reasonable consumer would be deceived often depends on the circumstances."). For example, serving size may be more relevant than weight or volume when a specific product is meant to be consumed after it is prepared. *See Buso v. ACH Food Companies, Inc.*, 445 F. Supp. 3d 1033, 1039 (S.D. Cal. 2020) (with respect to measuring cornbread mix).

Here, a reasonable consumer would not rely solely on volume when purchasing popcorn because of the understanding that "the volume of popcorn is more likely to change based on the popcorn's configuration when purchased." ECF No. 12 at 10. Conversely, the weight is more likely to stay consistent. Thus, Plaintiffs could not plausibly prove that a reasonable consumer would be misled by SkinnyPop's labels "without also alleging facts related to how the weight of the popcorn varies from what is indicated on the packaging." *Id.* at 13. Plaintiffs' FAC does not remedy this defect, and instead alleges that the weight of the popcorn was consistent with the statements on SkinnyPop's label. ECF No. 14 ¶ 20. Plaintiffs' allegation that none of the popcorn pieces in the SkinnyPop bags they measured were broken (*id.* ¶ 14) does not undercut the point that whether a reasonable consumer could be deceived is based on the general understanding that the shape of popcorn easily changes.

Because Plaintiffs fail to allege facts that demonstrate the weight of the popcorn is inconsistent with the statements on SkinnyPop's label, the Court finds that Plaintiffs

have not plausibly stated a claim alleging that Defendants provide less popcorn than advertised. Accordingly, the Court grants Defendants' motion to dismiss as to the first, second, and third claims.

2. Rule 9(b) Heightened Pleading Standard

Defendants also allege, and Plaintiffs do not dispute, that Plaintiffs' first, second, and third claims under the UCL, FAL, and CLRA, respectively, are subject to a higher pleading standard under Rule 9(b) because they are fraud-based. Since the Court has already determined that Plaintiffs have not satisfied the more lenient pleading standard set forth in Rule 8 for these claims, it follows that Plaintiffs have not met the heightened standard required under Rule 9(b).

**B. Breach of Express Warranty and Implied Warranty of Merchantability**

Plaintiffs' fourth cause of action is for breach of express warranty. ECF No. 14 ¶¶ 155–164. To state a claim for breach of express warranty, California law requires a plaintiff to allege facts showing the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Corbett v. Pharmacare U.S., Inc.*, 567 F. Supp. 3d 1172, 1199 (S.D. Cal. 2021).

Plaintiffs claim that the affirmations of facts or promises on SkinnyPop's labels became a basis of the bargain, and that "Defendants breached its express warranties by selling SkinnyPop Popcorn that do not contain the total amount and number of servings of popcorn as promised." ECF No. 14 ¶¶ 157, 161. However, the Court has found that Plaintiffs have not sufficiently plead facts that demonstrate SkinnyPop provides less popcorn than advertised. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' breach of express warranty claim.

Plaintiffs bring their fifth cause of action for breach of implied warranty of merchantability. *Id.* ¶¶ 165–175. Under California Commercial Code § 2314, "a warranty that the goods shall be merchantable is implied in a contract for their sale if

the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314. Goods are merchantable when they "[c]onform to the promises or affirmations of fact made on the container or label if any," among other things. *Id.* Plaintiffs argue that Defendants breached the implied warranty because SkinnyPop "did not conform to promises and affirmations made on the labels of the goods, including the quantity in volume and servings." ECF No. 14 ¶ 173. The Court has already found that Plaintiffs have not adequately stated a claim alleging SkinnyPop bags contain less popcorn than advertised. Thus, the Court also grants Defendants' motion to dismiss Plaintiffs' breach of implied warranty claim.

**C. Common Law Fraud Based Claims**

Defendants move to dismiss Plaintiffs' sixth and seventh claims of intentional and negligent misrepresentation for failing to comply with the heightened pleading standard for fraud-based claims as required by Rule 9(b). ECF No. 16 at 10. "Under California law, the elements of intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Lee v. Nature's Path Food, Inc.*, 2023 WL 7434963, at *5 (S.D. Cal. Nov. 9, 2023) (internal quotations and citations omitted). To establish negligent misrepresentation, a plaintiff must show "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Id.* "[J]ustifiable reliance cannot be established if reasonable consumers would not rely on the purported misrepresentation." *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561, 562 (9th Cir. 2008).

Plaintiffs' intentional and negligent misrepresentation claims fail for the same reason the other fraud-based claims fail. Because the FAC does not allege discrepancies between the weight that is stated on the SkinnyPop label and the weight of the popcorn Plaintiffs actually received, Plaintiffs have failed to state a claim that

Defendants intentionally and negligently misrepresented the contents of SkinnyPop. Accordingly, the Court grants Defendants' motion to dismiss as to the sixth and seventh claims.

**D. Equitable Relief**

In addition to a claim for unjust enrichment (ECF No. 14 ¶¶ 200–209), Plaintiffs request both "an order declaring that Defendants' conduct violates [federal and state] laws" and an injunction requiring Defendants' "unfair business practices to cease." *Id.* ¶ 210. Defendants maintain that Plaintiffs' claim for equitable relief should be dismissed because Plaintiffs have not successfully established how they lack an adequate remedy at law. ECF No. 16 at 29. Additionally, Defendants argue that Plaintiffs have failed to demonstrate why an injunction is needed to prevent future harm. *Id.* at 30. Plaintiffs allege that Defendants unjustly conferred a benefit through mistake and/or fraud because Plaintiffs "reasonably but mistakenly believed they were receiving the advertised number of cups and servings." ECF No. 14 ¶ 207. Plaintiffs further assert that equitable relief is proper for claims alleged under the UCL and FAL. ECF No. 19 at 28. Plaintiffs also contend that injunctive relief is necessary to prevent Defendants from continuing to engage in deceptive practices. *Id.* at 31.

Claims for unjust enrichment may be construed as quasi-contract claims seeking restitution. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). To state a claim for unjust enrichment, a plaintiff must allege that the defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request. *Id.*

Plaintiffs allege that Defendants were "unjustly conferred a monetary benefit by receiving the purchase price" paid by consumers of SkinnyPop "based on the false and misleading representations that each bag contained the volume amount, number of cups, and/or servings of popcorn as advertised." ECF No. 14 ¶ 202. As Plaintiffs' FAC fails to state a fraud-based claim, it follows that Plaintiffs have failed to allege

that Defendants were unjustly enriched through fraud and/or mistake. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' unjust enrichment claim.

**E. Leave to Amend**

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[l]eave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa* Clara, 894 F.3d 1046, 1059 (9th Cir. 2018) (citing *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)). Here, Plaintiffs' acknowledgement that the weight of the popcorn received by consumers remained consistent with the weight stated on SkinnyPop's label undermines Plaintiffs' ability to cure the defects identified by the Court in a future amendment. *See* ECF No. 14 ¶ 20. As a result, the Court could conclude that a future amendment would be futile. However, the Court will permit a second amended complaint. Accordingly, the Court grants Plaintiffs' request for leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. The Court **DISMISSES** the First Amended Complaint with leave to amend. Plaintiffs may file an amended complaint within 21 days of the filing date of this order.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Honorable Benjamin J. Cheeks
United States District Judge